UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Xavier Henderson, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action H-11-4274 |
| § | |
| Wells Fargo Home Mortgage, *et al.*, § | |
| § | |
| *Defendants*. § | |

**Order and Final Judgment**

Pending before the court is defendants' motion for summary judgment. Dkt. 4. Upon consideration of the motion, the response, the evidence in the record as a whole, and the applicable law, the motion is GRANTED. Additionally, based on the evidence in the record and the fact that both parties have had notice and ample opportunity to brief, the court *sua sponte* grants summary judgment on plaintiff's claim to quiet title, added when plaintiff amended his complaint subsequent to defendants' filing their motion. Plaintiff's case is DISMISSED with prejudice. Additionally, to the extent necessary, the court's findings of fact and conclusions of law supporting this order, also serve as the findings of fact and conclusions of law supporting the court's order denying the plaintiff's motion for temporary injunction. *See* Dkt. 34.

**Background**

On January 9, 2008, plaintiff Xavier Henderson executed a Note and Deed of Trust in favor of Universal American Mortgage Company, LLC for the purchase of plaintiff's residential property. The Note contains language that states that "[e]ven if, at a time when [plaintiff] is in default, the Note Holder does not require [plaintiff] to pay immediately in full as described above, the Note Holder will still have the right to do so if [plaintiff] is in default at a later time." Dkt. 4, Ex. A,

¶ 6(D). Likewise, the Deed of Trust contains language, stating "[a]ny forbearance by Lender in exercising any right or remedy . . shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. 4, Ex. B, ¶ 12. The Note and Deed of Trust were subsequently assigned to defendant Wells Fargo Home Mortgage. Henderson defaulted on the note in September 2008.

In May 2009, Wells Fargo reviewed Henderson's loan for the Home Affordable Modification Program ("HAMP")[1] and determined that plaintiff was not eligible. In July 2009, Wells Fargo commenced foreclosure proceedings. In August 2009, Wells Fargo again reviewed plaintiff's loan for a possible HAMP modification and again determined that he was not eligible. On October 26, 2009, Wells Fargo approved a special forbearance agreement with plaintiff. However, plaintiff failed to make the final balloon payment that was part of the agreement and was again in default.

In March 2010, Wells Fargo reviewed plaintiff's loan for a HAMP modification for a third time and on this occasion determined that he was eligible. Plaintiff's new, lower loan payments started in August of 2010. He made the first two payments but has not made a payment since. On January 7, 2011, Wells Fargo again commenced foreclosure proceedings. Plaintiff quickly thereafter requested another loan modification. In response, Wells Fargo sent plaintiff a form letter, informing plaintiff that he might be eligible for a loan modification and the necessary steps in the application process. The letter also contained language that stated that while plaintiff's application was under review, the foreclosure process would be suspended. On February 17, 2011, Wells Fargo sent plaintiff a letter stating that plaintiff had not been approved for a loan modification and that although

---

[1] HAMP is one of the programs available through the United States Departments of the Treasury, and Housing and Urban Development. It, and programs like it, are part of a program to help stabilize the housing market by helping homeowners get mortgage relief and avoid foreclosure.

2

Wells Fargo would continue to work with plaintiff in an attempt to work out the issues, foreclosure would proceed.[2]

The subject property was scheduled for foreclosure sales in March, April, and May 2011. In each case, Wells Fargo postponed the sale after talking with plaintiff. The property was again posted by the substitute trustee for foreclosure sale for June 7, 2011. Plaintiff contacted Wells Fargo by telephone the day before the sale. Plaintiff's recollection is that he was informed that the sale would be postponed again. Wells Fargo's records indicate that defendant told Henderson that there were no more workout options available unless Henderson could make two full mortgage payments. The representative also told plaintiff that plaintiff's request for postponement would be submitted but there was no guarantee that the foreclosure would be postponed. On June 7, 2011, Wells Fargo foreclosed on the property.

On November 28, 2011, Henderson filed suit in the 281st Judicial District Court of Harris County, Texas, alleging promissory estoppel, negligent misrepresentation, and breach of contract. Defendants Wells Fargo and Federal Home Loan Mortgage Corporation ("Freddie Mac") removed the case to this court based on diversity. Defendants moved for summary judgment. Plaintiff subsequently amended his complaint, adding a cause of action for quiet title. Additionally, he applied for a temporary restraining order to prevent eviction proceedings. The court granted the temporary restraining order and set the parties for hearing on a preliminary injunction. The parties submitted additional briefing both before and after the hearing, and adduced evidence at the hearing on preliminary injunction. After consideration of the evidence, the supplemental briefing of the parties, and the applicable law, the court denied the motion for preliminary injunction. Dkt. 34.

---

[2] Plaintiff objects to the admission of this letter into evidence on the basis that he was not given a chance to inspect the letter in advance. However, the defendants have properly authenticated the letter. And, the discovery period has not yet closed. Plaintiff's objection is, therefore, overruled.

**LEGAL STANDARD**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a

genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## ANALYSIS

Defendants move for summary judgment on three of plaintiff's claims: promissory estoppel, negligent misrepresentation, and breach of contract. Additionally, in the interim between filing the motion for summary judgment and this order, the plaintiff amended his complaint to add a cause of action to quiet title. Because the parties fully addressed the issue in their briefing for the hearing on preliminary injunction and at the injunction hearing itself, the court now considers it on summary judgment as well.

### A.        Promissory Estoppel

"The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance by the promisor, (3) substantial and reasonable reliance by the promisee to its detriment, and (4) enforcing the promise is necessary to avoid injustice." *Collins v. Walker*, 341 S.W.3d 570, 573–74 (Tex.App.–Houston [14th Dist.] 2011, no pet.). "Promissory estoppel does not apply to a promise covered by a valid contract between the parties, but it does apply to a promise outside of the contract." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex.App.-San Antonio 2002, no pet.).

Henderson contends that defendants promised not to exercise their right to foreclose on the property until all options to cure default were exhausted. In reliance on that promise, Henderson did not file a Chapter 13 Bankruptcy petition, which would have prevented him from losing his home provided he was able to comply with the requirements of Chapter 13. Defendants counter that they made no promise to enter into a loan modification agreement with Henderson. Moreover, they argue that even had they made that promise, it would be unenforceable under the statute of frauds.

Although defendants' arguments reference a different promise from the one that plaintiff alleges—the promise to forebear from foreclosing on the property versus the promise to enter into a loan modification agreement, the court finds no evidence that the defendants' promise to forebear was still in effect when they foreclosed on Henderson's house. Henderson initially received a letter that stated that he was eligible to apply for a HAMP loan modification and that during the application process defendants would not foreclose on the property. Henderson also testified that he called several times when the home had been slated for foreclosure and had the foreclosure postponed. Moreover, he argues that he never received any indication that he had not been approved for a HAMP loan modification and that defendants should not have foreclosed based on the terms

6

of the initial letter. However, defendants adduced evidence that they sent Henderson a letter notifying him that he was not approved for the HAMP loan modification program. Moreover, they argue that all other correspondence with Henderson clearly stated that they would continue with the foreclosure process while still exploring other options. And finally, they argue that the fact that the home was scheduled for foreclosure in March, April, and May 2011 should have put the plaintiff on notice that foreclosure was a possibility. The court agrees. The evidence does not support a finding that defendants promised Henderson that they would not foreclose on his home as of June 2011. Any promise they may have made in the initial HAMP letter was withdrawn when they notified him that his application had been denied. Additionally, as discussed more fully below, even if defendants did make a promise not to foreclose on the property, in light of all the other statements they made and actions they took to the contrary, Henderson's reliance on that promise would not have been reasonable. Accordingly, his cause of action for promissory estoppel fails.

**B.     Negligent Misrepresentation**

"The elements of negligent misrepresentation are: (1) a defendant provides information in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the information supplied is false; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relies on the information; and (5) the plaintiff suffers damages proximately caused by the reliance." *Larson v. Carlene Langford & Assocs., Inc.*, 41 S.W. 3d 245, 249–50 (Tex. App.–Waco 2001, pet. denied). The sort of "false information" contemplated in a negligent misrepresentation case is a misstatement of existing fact, not a promise of future conduct. *Affordable Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825, 830 (Tex.App.–Dallas 2011, no pet.).

The plaintiff argues that defendants made a negligent misrepresentation when they told Henderson over the phone that the scheduled June 2011 foreclosure sale would not proceed as planned. The sale did go forward and the house was sold. Because of this misrepresentation, plaintiff alleges that he did not file Chapter 13 Bankruptcy, which would have saved his home. Defendants counter that even assuming *arguendo* they made this representation to Henderson, this type of representation may not serve as the basis for a negligent misrepresentation claim because it is a promise of future conduct, not a statement of existing fact. The court agrees. If defendants promised Henderson over the phone that they would not go forward with the impeding June 2011 foreclosure sale, that would not be a statement of existing fact.³ Therefore, plaintiff's negligent misrepresentation claim fails as a matter of law.

C.  **Breach of Contract**

"To recover for breach of contract, a plaintiff must show (1) existence of a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff suffered damages as a result of the defendant's breach." *Expro Americas, LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 920 (Tex.App.–Houston [14th Dist.] 2011, pet. filed). Plaintiff alleges that defendants breached the contract when they foreclosed on plaintiff's property because defendants had, through their actions, waived the right to foreclose and/or accelerate the note. Defendants counter that both the Note and the Deed of Trust contain provisions that expressly

---

³ The court notes that at hearing on the preliminary injunction it appeared that defendants had possibly made misrepresentations regarding their *ability* to foreclose on the house. That would have been a statement of existing fact. The HAMP program limits the ability of loan servicers to foreclose on a property while the applicant is still being considered for a loan modification. However, defendants have submitted properly authenticated business records showing that they had notified Henderson that he did not qualify for a HAMP loan modification. Once they had notified him, any strictures placed upon them by the rules of the HAMP program were no longer in place. Thus, any representations they made to Henderson after notification would not have been misrepresentations. And, Henderson cannot have justifiably relied on misrepresentations they may have made to Henderson before the notification—if any.

8

state that any forbearance on the part of defendants does not constitute waiver. Therefore, their actions could not have been waiver.

"Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 911 (Tex.App.–Houston [1st Dist.] 1995, writ denied). "In determining if a waiver has in fact occurred, the court must examine the acts, words or conduct of the parties and it must be 'unequivocally manifested' that it is the intent of the party to no longer assert the right." *Robinson v. Robinson*, 961 S.W.2d 292, 299 (Tex.App.–Houston [1st Dist.] 1997, no writ). In this case, defendants did not manifest the intent to relinquish the right. On the contrary, they consistently evidenced the intention to foreclose on the property. They included unambiguous language in the contracts of their intent to retain their rights and remedies. And, although they were willing to postpone the foreclosure sales in March, April, and May of 2011, they repeatedly told plaintiff that they could and would foreclose if the default was not cured. "The repeated foreclosure postings are the opposite of waiver." *Bluebonnet*, 907 S.W.2d at 911; *accord ECF North Ridge Associates, L.P. v. ORIX Capital Markets, L.L.C.*, 336 S.W.3d 400, 411–412 (Tex.App.–Dallas 2011, no pet. h.).

Plaintiff also argues that there is a genuine dispute whether Wells Fargo is the owner of the Note and therefore entitled to foreclose. For this proposition, plaintiff offers a form letter from Freddie Mac, stating that it is the owner of the property and that Wells Fargo is the servicer. Dkt. 32, Ex. E. However, defendants have proffered the Note, the Deed of Trust, the assignment of the Note and Deed of Trust to Wells Fargo, and the affidavit of the custodian of records for Wells Fargo, stating that Wells Fargo owns the Note and Deed of Trust. Dkt. 20, Exs. A–D. The court finds that the ownership of the Note and Deed of Trust and, therefore, the right to foreclose is not in dispute.

9

Accordingly, no issue of fact precludes summary judgment for defendants on plaintiff's breach of contract claim.

**D.     Quiet Title**

"The elements of the claim for relief to quiet title are (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex.App.-Texarkana 1991, writ denied). Plaintiff brings a cause of action to quiet title, asserting that (1) there are no public record of the assignment of the promissory note to Wells Fargo, and (2) the endorsement of the Note is improper because it appears on a separate page from the Note. Since the record demonstrates that both of these factual assertions are incorrect, plaintiff's quiet title claim fails. Defendants adduced evidence of the properly recorded assignment. Additionally, defendants represented to the court that the extra page alleged by the plaintiff to be an improper separate document is, in fact, a photocopy of the back of the last page of the Note. Accordingly, there is no cloud on the title of the property.

## CONCLUSION

Pending before the court is defendants' motion for summary judgment. Dkt.4. Upon review of the motion, the response, the evidence in the record as a whole, and the applicable law, the motion is GRANTED. Additionally, based on the evidence in the record and the fact that both parties have had notice and ample opportunity to brief, the court *sua sponte* grants summary judgment on plaintiff's claim to quiet title. Accordingly, JUDGMENT is entered for the defendants as to all of plaintiff's claims. Any pending motions are hereby DENIED AS MOOT.

It is so ORDERED. This is a FINAL JUDGMENT.

Signed at Houston, Texas on March 5, 2012.

_____
Gray H. Miller
United States District Judge