UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XAVIER HENDERSON, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-04274 |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION | § | |
| | § | |
|     *Defendants*. | § | |

## ORDER

Pending before the court is Xavier Henderson's motion for reconsideration (Dkt. 37). Upon consideration of the motion, the defendants' response to the motion, and the applicable law, Henderson's motion is DENIED.

### BACKGROUND

This is a diversity case removed to this court by defendants Wells Fargo Home Mortgage ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac"), (collectively, "Defendants"). Henderson filed suit in the 281st Judicial District Court of Harris County, Texas, alleging promissory estoppel, negligent misrepresentation, and breach of contract. Dkt. 1, Ex. 3. Defendants removed the case to this court and moved for summary judgment. Dkts. 1, 4. Henderson subsequently amended his complaint to a cause of action for quiet title, and requested a preliminary injunction. Dkt. 7. On February 7, 2012, after a temporary injunction hearing, the court requested briefs regarding HAMP's applicability to Henderson's loan. Dkt 25. These briefs were due February 13, 2012. The court did not specify whether responses would be accepted, and no party moved to be allowed a response. Both parties submitted their briefs along with attached exhibits on February

13. Dkts. 30, 31. Henderson attempted to establish a genuine issue of material fact by submitting a form letter from Freddie Mac on its letterhead (the "Letterhead"), stating that Freddie Mac is the owner of the property and Wells Fargo is the servicer. Dkt. 31, Ex. 2. However, the court found that this form letter did not demonstrate a genuine issue of material fact, and after consideration of the evidence and the applicable law, the court entered final judgment on March 5, 2012, granting Defendants' motion for summary judgment with prejudice and disposing of Henderson's quiet title claim *sua sponte*. Dkt 36.

On February 9, 2012, Defense counsel received the original Note and notified Henderson's counsel that the Note was available for review. Dkt. 37 ¶ 4, Dkt. 38. The next day, Henderson filed a motion to extend time to respond to Defendants' motion for summary judgment. Dkt. 28. Henderson asked the court for an additional ten days because the legal issues were complex and because Defendants had just notified Henderson that the Note was available for review. *Id.* The court denied this motion on February 13, 2012. Dkt. 29. Fourteen days after Defense counsel received the Note and notified Henderson, on February 23, 2012, Henderson's counsel visited Defense counsel's office in order to inspect and review the Note. Dkts. 37, 38. While there, Henderson's counsel became aware of new evidence: a "Request for Release of Documents" (the "Request"), which is a document that allegedly supports Henderson's contention that Wells Fargo is only a servicer while Freddie Mac is the owner of the Note, thus Wells Fargo did not have the right to foreclose. Dkt. 37, Ex. 1. Since Henderson's counsel discovered the Request after the February 14, 2012 deadline for filing Henderson's response to Defendants' motion for summary judgment, the document was not submitted to the court as a part of his supplemental briefing. Despite the fact that the court did not rule on the motion for summary judgment until March 5th, the present motion

for reconsideration, filed on April 2, 2012, is Henderson's first attempt to call the Request to the court's attention.

On April 2, 2012, Henderson moved for reconsideration of the summary judgment entered against him. Dkt. 37. Henderson requests an alteration or amendment of the judgment because he alleges (1) he was unaware of newly discovered evidence, the Request, at the time of the judgment, and (2) the court erred when it "dismissed" the Letterhead and when it denied Henderson an adequate response period to dispute Defendants' modification denial letter and affidavit. Dkt. 37. Defendants claim that the Request could have been discovered sooner had Plaintiff been diligent, but regardless the evidence would not change the outcome of the summary judgment and is merely cumulative. Dkt. 38. Defendants also argue the court did not err either in its "dismissal" of the letterhead nor in its denial of a response period. Dkt. 38.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996). However, motions that challenge a prior judgment on the merits are treated as either a Rule 59(e) or Rule 60(b) motion. *Id.* "Under which rule the motion falls turns on the time at which the motion is served." *Lavaspere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). "If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Since the motion was filed within the 28 day period, it falls under Rule 59(e).

A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and "is not the proper vehicle for rehashing

3

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. A motion on the basis of newly discovered evidence should be granted only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (citation omitted).

## ANALYSIS

Henderson asks the court to alter or amend the summary judgment because (1) he has newly discovered evidence to present and (2) the court clearly erred in law or fact. Dkt. 37.

**A.     Presenting Newly Discovered Evidence**

Henderson asserts the Request discovered on February 23, 2011, was not available to him before this date, and he seeks to use this document to establish that Wells Fargo is not the owner of the Note, and thus did not have the right to foreclose. Dkts. 37, 38. Henderson contends that this new document provides prima facie evidence that Plaintiff's assertions were correct, and that the court should alter or amend the judgment since he has raised a genuine issue of material fact. Dkt. 37.

Defendants urge the court to deny Henderson's motion for alteration or amendment on the basis of newly discovered evidence because the Request would not change the outcome by creating a genuine issue of material fact, even if Wells Fargo is not the owner of the Note, since as a matter of law, a mortgage servicer also has the authority to foreclose on property. *Id.* Henderson and Defendants are in agreement that Defendants' counsel notified Henderson's counsel that the Note

was available for inspection before the deadline on February 14. Dkts. 37, 38. Thus, Defendants also urge the court to find that the Request could have been discovered earlier had Henderson's counsel exercised due diligence in reviewing and inspecting the Note. Dkt. 38. Last, Defendants argue that the Request is merely cumulative in that it supports a fact already asserted by the Freddie Mac Letterhead: that Wells Fargo is the servicer of the Note while Freddie Mac is the actual owner. *Id.* (citing Dkt. 37 at 6 ¶ 19).

Henderson has failed to meet the three requirements under *Infusion Resources* to sustain a motion for reconsideration under Rule 59(e) on the basis of newly discovered evidence. First, Henderson's counsel did not exercise due diligence in discovering the Request. Henderson's counsel received notice that the original Note was ready to review, but counsel did not actually review the Note until fourteen days later. Although Henderson's counsel filed a motion to extend time to respond to Defendants' motion for summary judgment, counsel made this request in order to view the Note and had no knowledge of the existence of the Request. Further, upon reviewing the Note and finding the newly discovered evidence, Henderson's counsel did not file a motion to supplement or give any notice at all to the court of the Request until its present motion for reconsideration, even though counsel discovered the new evidence ten days before the court entered final judgment. Second, even if Henderson's counsel had exercised due diligence, the newly discovered evidence would not result in the court's denial of Defendant's motion for summary judgment because, while the Request shows that Wells Fargo is the servicer of the Note and not the owner, a servicer also has the right to foreclose on property. TEX. PROP. CODE ANN. § 51.0025 (West 2005); *see also Knapik v. BAC Home Loans Servicing, L.P.*, 825 F. Supp. 2d 869, 873 (S.D. Texas 2011). Therefore, the court denies Henderson's motion for reconsideration on the basis of newly discovered evidence.

**B.      Correcting Manifest Errors of Law or Fact.**

Henderson also asserts that the court erred (1) when it "dismissed" the Freddie Mac Letterhead as invalid, and (2) when it denied him the seven day response period required by Federal Rules of Civil Procedure (6)(c)(2) to respond to exhibits attached to Defendants' supplemental brief in opposition to the temporary injunction.  Dkt. 37.

Henderson argues that the Court "dismissed the validity" of the Letterhead which states that Freddie Mac is the owner of the Note while Wells Fargo is only the servicer.  Dkt. 37.  Henderson contends that the court did not give the proper weight to the Letterhead and asks the court to reconsider the document.  Dkt. 37.  However, as Defendants suggest, the court did not dismiss the Letterhead as *invalid*, rather the court found that the Letterhead did not raise a genuine issue of material fact regarding Wells Fargo's ownership of the Note.  Dkts. 36, 38.  Further, even if the Letterhead was sufficient to raise a genuine issue of material fact regarding ownership, ownership is not dispositive of Wells Fargo's right to foreclose.  Tex. Prop. Code § 51.0025 (West 2005) ("a mortgage servicer may administer the foreclosure of property"); *see also Knapik*, 825 F. Supp. 2d at 873.

Henderson also argues that he was denied the right to a seven day response period to Defendants' supplemental brief regarding HAMP's applicability.  Dkt. 37.  Henderson claims he would have objected to the Defendants' exhibit alleging correspondence from Wells Fargo to Henderson stating that his loan modification was denied.  Dkt. 37.  Henderson argues that Rule 6(c)(2) gave him the right to respond to the supplemental briefing ordered by the court.  Rule 6(c)(2) reads in relevant part "[a]ny affidavit supporting a motion must be served with the motion [and] any opposing affidavit must be served at least 7 days before the hearing, unless the court permits service at another time"  FED. R. CIV. P. 6(c)(2).  However, Defendants' exhibit for which

6

Henderson seeks a response period was not submitted as part of a motion, thus Rule 6(c)(2) is not applicable. Moreover, Henderson never moved the court to be allowed to respond to the exhibit. Accordingly, there is no error of fact or law to support altering or amending the judgment.

## CONCLUSION

Pending before the court is Xavier Henderson's motion for reconsideration (Dkt. 37). Upon consideration of the motion, the defendants' response to the motion, and the applicable law, Henderson's motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on July 10, 2012.

_____
Gray H. Miller
United States District Judge